UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERARDO ROMAN VALENCIA ZAPATA, et al.,<br><br>    Petitioners,<br><br>  v.<br><br>POLLY KAISER, et al.,<br><br>    Respondents. | Case No.  25-cv-07492-RFL<br><br>**ORDER REGARDING CASE SCHEDULE**<br><br>Re: Dkt. No. 29 |

  The Court has considered both parties' positions articulated in the Joint Further Case Management Statement.  (Dkt. No. 29.)  For the reasons that follow, it is **ORDERED** that the parties file a joint status report by **April 24, 2026**, or within **7 days** of the Ninth Circuit's decision in *Rodriguez Vasquez v. Bostock*, No. 25-6842, whichever is earlier.

  Respondents' appeal of the preliminary injunction does not result in an automatic stay of the litigation pending appeal. *California by & through Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 768 (9th Cir. 2025) ("*Coinbase* read in conjunction with relevant Supreme Court precedent counsels in favor of limiting the *Coinbase* holding to the arbitration context."). Indeed, the Court retains jurisdiction to decide the merits of this case, *see Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), notwithstanding Respondents' appeal of the preliminary injunction, which involves the separate issue of whether Petitioners are "likely to succeed on the merits," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Furthermore, because the government does not discuss the traditional stay factors articulated in *Nken v. Holder*, 556 U.S. 418, 426 (2009), the Court declines to exercise its discretion to stay the case pending the Ninth Circuit's decision in *Rodriguez Vasquez*.

1

2

However, there are efficiency gains to deferring the setting of the case schedule for a few months while *Rodriguez Vasquez* is pending. To be sure, the issue to be decided in *Rodriguez Vasquez* is not the same issue present in Petitioners' habeas petitions. However, the Ninth's Circuit's decision in *Rodriguez Vasquez* may provide clarity regarding the difficult legal questions raised in Petitioners' habeas petitions. There is also strong public interest in ensuring that these legal questions are answered correctly. Petitioners provide no basis to believe that they would be prejudiced by waiting for a few months to set the case schedule. If the determination in *Rodriguez Vasquez* takes longer than expected, the issue may be revisited.

Accordingly, the parties shall file a joint status report by **April 24, 2026**, or within **7 days** of the Ninth Circuit's decision in *Rodriguez Vasquez v. Bostock*, No. 25-6842, whichever is earlier.

**IT IS SO ORDERED.**

Dated: January 14, 2026

RITA F. LIN
United States District Judge