UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERARDO ROMAN VALENCIA ZAPATA, et al.,

Petitioners,

v.

POLLY KAISER, et al.,

Respondents.

Case No. 25-cv-07492-RFL

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioners Gerardo Roman Valencia Zapata, David Rafael Colon Solano, Keymaris Alvarez Miranda, and Gabriela Alondra Vargas Plasencia are four asylum seekers from Venezuela, Colombia, and Peru who separately fled to the United States between late 2023 and early 2024. (Dkt. No. 2 ("Pet.") ¶¶ 9–12, 51–54.) Each Petitioner was briefly detained by immigration officials at the border and then released on their own recognizance. (*Id.* ¶¶ 51–54.) On September 4, 2025, Petitioners each attended scheduled hearings at the San Francisco Immigration Court. (*Id.* ¶ 55.) Upon leaving the courtroom, each Petitioner was arrested by Immigration and Customs Enforcement ("ICE") agents and taken into custody. (*Id.* ¶ 56.) Petitioners filed a petition for a writ of habeas corpus and a motion for a temporary restraining order that same day. (Pet.; Dkt. No. 4.) The Court granted their motion the following day and ordered Respondents to show cause why a preliminary injunction should not issue. (Dkt. No. 9.) Because Petitioners raised serious questions going to the merits of their procedural due process claim, the Court enjoined and restrained Respondents from re-detaining Petitioners without notice and a pre-deprivation hearing. (Dkt. No. 23 ("Preliminary Injunction Order").) The facts of the case and procedural history are described in greater detail in the Preliminary Injunction

Order. (*Id.* at 1–9.)

Respondents have now submitted their Return, which incorporates by reference their prior arguments that Petitioners "were subject to mandatory detention pursuant to 8 U.S.C § 1225(b)(2)(A)." (Dkt. No. 35 ("Return") at 1–2.) However, Respondents "acknowledge that the reasoning in this Court's earlier decision in this case" as well as the Ninth Circuit's intervening ruling in *Rodriguez Vazquez v. Bostock*, No. 25-6842, ___ F.4th ___, 2026 WL 2196424 (9th Cir. July 30, 2026), "would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioners' detention." (*Id.* at 2.) Therefore, for the reasons stated in the Preliminary Injunction Order and in *Daza v. Albarran*, No. 25-cv-10214-RFL, 2026 WL 81518 (N.D. Cal. Jan. 12, 2026), the petition for writ of habeas corpus is **GRANTED** as to Petitioners' procedural due process claim. *See* Preliminary Injunction Order at 11–21 (applying the *Mathews* factors and finding a likely procedural due process violation); *Daza*, 2026 WL 81518, at *2–5 (explaining that "immigration officials paroled Petitioner into the United States, and the expedited removal process, including its mandatory detention, no longer applies to her").

"When a district court grants a writ of habeas corpus it may dispose of the matter as law and justice require. To ensure that Petitioner's release pursuant to the Court's . . . order is not rendered meaningless, it is necessary to enjoin the government from simply re-detaining Petitioner in the same manner. As a result, the relief ordered below falls within the core of habeas." *Alva Alva v. Kaiser*, No. 25-cv-06676-RFL, 2026 WL 1910135, at *2 (N.D. Cal. July 2, 2026) (citations and quotation marks omitted). The Court, therefore, **ORDERS** that Respondents shall not re-detain Petitioners: (1) without notice and a pre-deprivation hearing before a neutral decisionmaker in which an individualized determination is made that the Petitioner poses a flight risk or danger to public safety such that they must be detained; or (2) in the absence of a material change in circumstances since the Petitioner's most recent release justifying their detention. To be clear, this Order does not bar Respondents from lawfully re-

detaining Petitioners to execute a valid, administratively final removal order after complying with all constitutional, statutory, and regulatory requirements.

Petitioners have also requested an award of attorney's fees. (Pet. at 15.) Respondents do not address this portion of the petition. The Court will consider an application requesting reasonable attorney's fees that is filed within 30 days of the entry of judgment. Accordingly, Petitioner's request for attorney's fees is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: August 27, 2026

RITA F. LIN
United States District Judge